UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LUTHER JAMES McCASKILL,**

       **Petitioner,**            **CIVIL ACTION NO. 05-CV-72203-DT**
                                                **CRIMINAL CASE NO. 00-80239-DT**

vs.

                                                **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**UNITED STATES OF AMERICA,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Respondent.**
_____/

REPORT AND RECOMMENDATION

**RECOMMENDATION**: The Court should construe Petitioner's Motion to Vacate Sentence Under Rule 60(b) as a successive motion to vacate his sentence and should transfer Petitioner's motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3), § 2255 para. 8, and *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(per curiam).

\*\*\*

On November 28, 2001, Petitioner was sentenced to 105 months in federal custody for fraud charges. Petitioner's conviction was affirmed by the Sixth Circuit Court of Appeals. *See United States v. Luther McCaskill*, 48 Fed. Appx. 961 (6th Cir. 2002)(unpublished). On September 10, 2003, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 which he styled as a petition for a writ of habeas corpus. In an Order dated June 28, 2004, the Honorable Bernard A. Friedman denied Petitioner's motion to vacate sentence. Petitioner then filed a motion to correct, modify or reduce sentence which Judge Friedman construed as a motion for reconsideration and denied the same in an Order dated July 16, 2004. Petitioner filed yet another motion to correct, modify, or reduce sentence which Judge Friedman again denied on August 2, 2004. Petitioner then sought to appeal the denial of

his previously filed Petition for Writ of Habeas Corpus to which Judge Friedman denied the issuance of a certificate of appealability in an Order dated October 25, 2004. On March 7, 2005, the Sixth Circuit denied Petitioner's certificate of appealability based on the reasons set forth by the district court in its order dated June 28, 2004.

On June 3, 2005, Petitioner filed a Motion to Vacate Sentence Under Rule 60(b) which has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his motion, Petitioner continues to challenge the validity of his conviction and subsequent sentence. Specifically, Petitioner avers that the district court failed to discharge its duty under Fed. R. Crim. P. 32 and relied on false information contained in the pre-sentence report. The government filed its Response opposing Petitioner's motion on two grounds: (1) that Petitioner's instant motion brought pursuant to Fed. R. Civ. P. 60(b) should be treated as a successive motion to vacate sentence under § 2255 and that such successive motions to vacate must first be certified by a panel of the court of appeals as provided for in 28 U.S.C. § 2244 before being considered by the district court; and (2) that Petitioner's instant motion is time barred under the applicable one year statute of limitations contained in § 2255.

Before addressing the substance of Petitioner's motion, the Court must first determine whether Petitioner's instant motion is indeed a motion for relief from judgment under Fed. R. Civ. P. 60(b) or, as Respondent contends, a successive motion to vacate sentence filed under § 2255. Increasingly, prisoners have used Fed. R. Civ. P. 60(b) as an additional vehicle to challenge their incarcerations.[1] And

---

[1] Fed. R. Civ. P. 60(b) allows a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should

while the Supreme Court recently acknowledged Rule 60(b)'s limited application in habeas proceedings, *Gonzalez v. Crosby*, 125 S. Ct. 2641; 162 L. Ed.2d 480 (June 23, 2005), the Court must be on guard where "prisoners might attempt to subvert AEDPA by dressing second or successive habeas petitions in Rule 60(b) garb." *Abdur' Rahman v. Bell*, 392 F.3d 174, 181 (6th Cir. 2004)(en banc). To clarify the distinction, the Sixth Circuit adopted a "conceptual framework" for determining whether a Rule 60(b) motion is the functional equivalent of a prohibited second or successive petition. Under this framework,

> [t]he inquiry must proceed case by case. The [district] court must examine the factual predicate set forth in support of a particular motion. When the motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence, then the motion should be treated as a second or successive habeas petition. This situation should be distinguished from one in which the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief. That is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b).

*Id.* at 181 (quoting *Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003) (citations omitted)). In deciding whether a Rule 60(b) motion is the functional equivalent of a prohibited successive petition, a court must focus on the substance of the motion rather than the label affixed to the motion by the petitioner. *See id.* If, in substance, the motion "presents a direct challenge to the constitutionality of the underlying conviction[,] . . . the [motion] should be treated as a second or successive habeas petition." *Id.* If, however, "there is no such direct challenge and the petitioner instead challenges the integrity of the district court opinion for one of the reasons provided in Rule 60(b), then the district court must treat the motion as one pursuant to Rule 60(b)." *Id.*

---

have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In this case, the Court concludes that Petitioner's instant motion is the functional equivalent of a prohibited second § 2255 motion. In his motion, Petitioner does not point to any defects or irregularities in the proceedings leading to the Court's denial of his first § 2255 motion. Instead, he argues that the Court improperly resolved his claims and failed to consider Fed. R. Crim. P. 32 during his sentencing. If true, Petitioner's claims challenge the validity and/or duration of his current incarceration. Such claims are appropriately addressed in a motion to vacate sentence under § 2255 and not under Fed. R. Civ. P. 60(b). In light of the foregoing, the Court construes Petitioner's instant motion as a second and successive motion to vacate sentence under § 2255.

As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits the filing of successive motions under § 2255. Specifically, § 2255, provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ." 28 U.S.C. § 2255, para. 8. In turn, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, §§ 2255 and 2244 collectively require Petitioner to seek authorization from the Sixth Circuit Court of Appeals before this Court may consider the merits of those claims contained in Petitioner's successive § 2255 motion.

Based on the foregoing, the Court should conclude that Petitioner's Rule 60(b) motion is the functional equivalent of a successive motion filed pursuant to § 2255 and is therefore subject to the gatekeeping requirements of § 2244(b) and § 2255 para. 8. Because Petitioner has not obtained authorization to file a successive motion under § 2255, the Court should transfer Petitioner's motion

to the Sixth Circuit pursuant to 28 U.S.C. § 1631.[2]  *See United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(per curiam).

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


Dated: July 27, 2005                          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

**Proof of Service**

  I hereby certify that a copy of this Report and Recommendation was served upon Luther J. McCaskill and Counsel of Record on this date.

| | |
|---|---|
| July 27, 2005 | s/ Lisa C. Bartlett<br>Courtroom Deputy |